# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 20-CV-60896-RAR

**YORIEL AMPARO**, *et al.*,

      Plaintiffs,

v.

**CLASSICA CRUISE OPERATOR LTD**., **INC**.,

      Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE

**THIS CAUSE** comes before the Court on Defendant Classica Cruise Operator, Ltd., Inc.'s ("Classica") Motion to Strike Plaintiffs' Request for Punitive Damages [ECF No. 39] ("Motion").[1] The Court has considered the Motion, all related filings, and is otherwise fully advised. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Strike [ECF No. 39] is **DENIED** as explained herein.

Federal Rule of Civil Procedure 12(f) provides that "[up]on motion made by a party . . . the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A motion to strike is generally denied "unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."  *Bank of Am., N.A. v. GREC Homes IX, LLC*, No. 13-21718, 2014

---

[1] Defendant's Motion was incorporated into their Motion for Summary Judgment, which included a request to strike Plaintiffs' demand for punitive damages associated with Counts I, II, III, and V. Defendant's Motion for Summary Judgment was addressed in an earlier Order [ECF No. 79] and the incorporated request to strike is addressed separately herein.

WL 351962, at *4 (S.D. Fla. 2014) (internal quotations and citations omitted).  However, "[a] request for punitive damages must be stricken from the complaint if the allegations therein do not present a factual basis supporting the recovery of punitive damages, in other words, factual allegations showing wanton, willful or outrageous conduct."  *Doe v. Royal Caribbean Cruises, Ltd.*, No. 11-23321, 2012 WL 4479084, at *2 (S.D. Fla. 2012).

In their Complaint, Plaintiffs include a demand for punitive damages regarding their claims for Sexual Assault & Battery (Count I); Battery (Count II); and False Imprisonment (Count III).[2] Defendant claims that this Court must strike Plaintiffs' demand because "punitive damages are not available in passenger maritime claims."  Mot. at 9.  To support this contention, Defendant cites *Eslinger v. Celebrity Cruises, Inc.*, 772 F. App'x 872, 872 (11th Cir. 2019) and *The Dutra Group v. Batterton*, 139 S. Ct. 2275 (2019).  In *Eslinger*, the Eleventh Circuit held that a plaintiff may not recover punitive damages in the context of a claim for loss of consortium arising in the maritime context.  772 F. App'x at 872–73.  In *Batterton*, the Court considered specifically whether a *mariner* may recover on punitive damages.  139 S. Ct. at 2278.

When tasked with interpreting *Eslinger* and *Batterton* in the context of a motion to strike punitive damages in maritime actions, courts in this District have read both cases narrowly.  *See, e.g., Simmons v. Royal Caribbean Cruises, Ltd.*, 423 F. Supp. 3d 1350, 1353 (S.D. Fla. 2019) ("when read narrowly, neither *The Dutra Group* nor *Eslinger* squarely control here.").  And when read in conjunction with *Atlantic Sounding Co. v. Townsend*, 557 U.S. 404 (2009), which held that a seaman "may . . . seek punitive damages for his employer's alleged willful and wanton disregard

---

[2] Plaintiffs originally requested punitive damages under Counts I, II, III, IV, and V.  However, Defendant's Motion for Summary Judgment was granted as to Counts IV and V.  *See* [ECF No. 79] at 13.  Accordingly, and despite the fact that Defendant's Motion does not indicate which claim or claims for punitive damages they move to strike, the Motion to Strike has been read to challenge the request for punitive damages associated with all remaining Counts i.e., Counts I, II, and III.

of its maintenance and cure obligation," Courts have only allowed claims for punitive damages to proceed in instances of intentional misconduct.  *Simmons*, 423 F. Supp. 3d at 1353; *Doe v. Celebrity Cruises, Inc.*, 389 F. Supp. 3d 1109, 1113–15 (S.D. Fla. 2019) (holding that a plaintiff may only seek punitive damages upon a showing of the defendant's intentional misconduct).

The Court finds *Celebrity Cruises* and *Simmons* well-reasoned and will adopt the interpretation of *Eslinger*, *Batterton*, and *Atlantic Sounding* therein.  However, unlike the claims in *Simmons*, all the counts for which Plaintiffs request punitive damages are intentional torts under Florida law.  *See Sullivan v. Atl. Fed. Sav. & Loan Ass'n.*, 454 So. 2d 52, 54 (Fla. 2d DCA 1984) (battery); *Hill v. Hill*, 388 So. 2d 625, 626 (Fla. 1st DCA 1980) (false imprisonment); *Celebrity Cruises*, 389 F. Supp. 3d at 1116 (sexual assault).  These torts implicitly involve intentional misconduct and therefore, under the same reasoning in *Celebrity Cruises* and *Simmons*, a jury could award punitive damages should Defendants be found liable for battery, false imprisonment, or sexual assault.

Thus, because Plaintiffs' request for punitive damages on Counts I, II, and III are not barred under Eleventh Circuit precedent or maritime law, Defendant's Motion warrants denial.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 26th day of October, 2021.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record